IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PHYLLIS WILLIAMS, et al., )
)
        Plaintiffs, )
)
v. ) No. 04 C 5633
)
SHAUN DERIFIELD, et al., )
)
        Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiffs' partial motion for summary judgment on Counts II, III, IV, and VII and on Defendants' motions for summary judgment. For the reasons stated below, we deny Defendants' motion for summary judgment, grant Plaintiffs' partial motion for summary judgment in its entirety, and *sua sponte* enter summary judgment in favor of Plaintiffs on the remaining claims.

## BACKGROUND

Plaintiffs, who refer to themselves as being "African-American/Black," allege that they moved to Fox Lake, Illinois in August 2001. (Compl. Par. 1, 2, 3, 5, 6). Defendants are alleged former members of a White supremacist organization. According to Plaintiffs, on the night of August 30, 2002, Defendants accosted

Plaintiffs Tywon Williams, Juwon Williams, Deona Williams, as well as Deona Williams' male friend, while they were walking home from a football game. Plaintiffs claim that two of the Defendants possessed knives. Defendants allegedly made threats that included racial epithets and told the group "You better get out of town niggers!" (Compl. 2). Plaintiffs claim that the male members of their group were able to flee from Defendants, but that Defendants were able to trap Deona Williams against a parked car. Defendant Shaun Derifield ("Derifield") allegedly took off his shirt to expose a tattoo of a swastika and put a knife to Deona's throat. While Deona allegedly pled with Derifield not to kill her, he allegedly told her something to the effect of: "Remember our faces, nigger! This is our town and you better get out before we kill you! We're going to kill you and your whole f—ing family if you don't get out of town!" (Compl. 2). After some time passed, Defendants allegedly released Deona.

Plaintiffs brought the instant action and include in their complaint a claim against all Defendants alleging a violation of 42 U.S.C. § 3604 of the Fair Housing Act ("FHA") (Count I), a claim against all Defendants alleging a violation of 42 U.S.C. § 3617 of the FHA (Count II), a claim against all Defendants alleging a violation of 42 U.S.C. § 1982 of the Civil Rights Act of 1866 ("Section 1982") (Count III), a claim against all Defendants alleging a violation of the Ku Klux Klan Act, 42 U.S.C. § 1985(3) ("Section 1985(3)")(Count IV), an assault claim against all Defendants (Count V), a battery claim against Derifield (Count VI), a civil hate crime claim against all Defendants (Count VII), a false imprisonment claim against

all Defendants (Count VIII), and an intentional infliction of emotional distress ("IIED") claim against all Defendants (Count IX). Plaintiffs now move for summary judgment on Counts II, III, IV, and VII. Defendant Harley Hermes ("Hermes") and Derifield have each moved for summary judgment as well.

## LEGAL STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the non-moving party, reveals that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In seeking a grant of summary judgment, the moving party must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). This initial burden may be satisfied by presenting specific evidence on a particular issue or by pointing out "an absence of evidence to support the non-moving party's case." *Id.* at 325. Once the movant has met this burden, the non-moving party cannot simply rest on the allegations in the pleadings, but, "by affidavits or as otherwise provided for in [Rule 56], must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a

genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Insolia v. Philip Morris, Inc.*, 216 F.3d 596, 599 (7th Cir. 2000). The court must consider the record as a whole, in a light most favorable to the non-moving party, and draw all reasonable inferences that favor the non-moving party. *Anderson*, 477 U.S. at 255; *Bay v. Cassens Transport Co.*, 212 F.3d 969, 972 (7th Cir. 2000).

# DISCUSSION

## I. Defendants' Motions for Summary Judgment

Hermes and Derifield have each moved for summary judgment. However, neither motion offers a justification for a finding in their favor as a matter of law. Hermes argues that he has more than paid a price for his lapse in judgment" because he was convicted of a criminal crime relating to the incident and he was incarcerated. (H SJ Par. 2). Hermes also argues that "there is nothing to be gained by continuing this trial." (H SJ Par. 1). However, the law affords Plaintiffs a civil remedy as well as a criminal remedy and Plaintiffs are entitled to pursue the entry of a civil judgment against Hermes. Hermes further argues that the incident "was the direct result of defendant's immaturity and excess beer drinking." (H SJ Par. 1). However, such facts do not excuse Hermes from civil liability. Hermes also argues that he does not have any money, and Derifield likewise argues in his motion that he does not have

4

sufficient funds and that his "prospects of earning a decent wage are glum . . . ." (Df SJ Par. 2). Such matters pertaining to Defendants' financial status relate to Plaintiffs' ability to collect on a civil judgment, rather than to the issue of civil liability. Therefore, we deny Hermes' and Derifield's motions for summary judgment.

## II. Plaintiffs' Motion for Summary Judgment

Plaintiffs move for summary judgment on Counts II, III, IV, and VII. We first note that none of the Defendants responded to Plaintiffs' motion or to Plaintiffs' Local Rule 56.1 statement of material facts. Therefore, all of the facts contained in Plaintiffs' 56.1 statement of material facts are deemed to be undisputed. Local Rule 56.1; *Ammons v. Aramark Uniform Servs., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004)(stating that "that a district court is entitled to expect strict compliance with Rule 56.1" and that "[s]ubstantial compliance is not strict compliance"); *Dent v. Bestfoods*, 2003 WL 22025008, at *1 n.1 (N.D. Ill. 2003); *Malec v. Sanford*, 191 F.R.D. 581, 585 (N.D. Ill. 2000). We also note that Defendants have not even made any effort in their motions for summary judgment to contest Plaintiffs' version of the facts in this case.

### A. FHA Claim (Count II)

Plaintiffs move for summary judgment on the FHA claim in Count II, which they allege in the complaint is based upon a violation of 42 U.S.C. § 3617 ("Section

5

3617"). (Compl. Par. 34). Section 3617 states that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. Plaintiffs allege in the complaint an interference with their "right to occupy a dwelling without injury, intimidation, or interference because of their race." (Compl. Par. 27). As is explained below, Plaintiffs have clearly shown a violation of 42 U.S.C. § 3604. Also, even though Section 3617 makes reference to violations of rights "granted or protected by section 3603, 3604, 3605, or 3606" of the FHA, a violation of such sections is not absolutely necessary in order to recover under Section 3617. *Stackhouse v. DeSitter*, 620 F.Supp. 208, 210 (D.C. Ill. 1985)(stating that "§ 3617 may be violated absent a violation of § 3603, 3604, 3605 or 3606"). Although 42 U.S.C. § 3631 is a criminal statute, a plaintiff can base a Section 3617 claim on "intimidation or interference with a resident's right to occupy a dwelling." *See e.g. Walton v. Claybridge Homeowners Ass'n, Inc.*, 2004 WL 192106, at *4 (S.D. Ind. 2004).

Defendants have not disputed pursuant to Local Rule 56.1 that they made repeated threats to Plaintiffs and used coercion against Plaintiffs. (SF 9-15). Defendants also acknowledge that the Plaintiffs who were present during the incident were told by Defendants that the Williams family should move away from Fox Lake. (SF 11). Defendants do not dispute that while all Defendants trapped Deona

6

Williams against a parked car, Derifield told Deona Williams that they were going to kill her whole family if the Williams family did not leave town. (SF 14-15). Defendants concede that their threats included racial epithets, and no reasonable trier of fact could conclude other than that Defendants' threats were made because of Plaintiffs' race. Thus, no reasonable trier of fact could fail to conclude other than that Defendants unlawfully coerced, intimidated, and threatened Plaintiffs because of their race and interfered with Plaintiffs' right to occupy a dwelling. Therefore, we grant Plaintiffs' motion for summary judgment on Count II.

### B. Hate Crime Claim (Count VII)

Plaintiffs also move for summary judgment on the hate crime claim (Count VII). Under Illinois law, "[a] person commits hate crime when, by reason of the actual or perceived race [or] color . . ., regardless of the existence of any other motivating factor or factors, he commits assault, battery, . . . [or] mob action." 720 ILCS 5/12-7.1. Under Illinois law, mob action is defined as the following: "(1) [t]he use of force or violence disturbing the public peace by 2 or more persons acting together and without authority of law; or (2) [t]he assembly of 2 or more persons to do an unlawful act; or (3) [t]he assembly of 2 or more persons, without authority of law, for the purpose of doing violence to the person or property of any one supposed to have been guilty of a violation of the law, or for the purpose of exercising correctional powers or regulative powers over any person by violence." 720 ILCS 5/25-1. Defendants do not dispute that they acted together in a civil conspiracy when

they approached Plaintiffs during the incident. Defendants admit pursuant to Local Rule 56.1 that together they accosted Plaintiffs while Plaintiffs were walking home from the football game. (SF 8-12). Defendants acknowledge that they acted in unison in issuing the oral threats and that they acted together when they "surrounded Deona and trapped her against a parked car." (SF 8-14). Defendants concede that they engaged in conduct that was unlawful and concede that two of the Defendants possessed knives when they accosted the Plaintiffs who were present at the scene in the public street. (SF 9-10). Such conduct by Defendants would also constitute a disturbance of the public peace. The admitted facts by Defendants also clearly show that Defendants' threats and unlawful conduct were based upon Plaintiffs' race. Therefore, we grant Plaintiffs' motion for summary judgment on the hate crime claim (Count VII).

### C. Section 1866 Claim (Count III)

Plaintiffs move for summary judgment on the Section 1982 claim (Count III). Section 1982 provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982; *see also Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc.*, 41 F.3d 1190, 1194 (7th Cir. 1994)(recognizing a private civil cause of action under Section 1982). Defendants do not contest that Plaintiffs owned real property in Fox Lake and that because of Plaintiffs' race,

Defendants attempted to coerce Plaintiffs to sell the property and move away from Fox Lake. (SF 1, 11, 15). Thus, Defendants concede that they attempted to interfere with Plaintiffs' right to hold real property. Therefore, we grant Plaintiffs' motion for summary judgment on the Section 1983 claim (Count III).

### D. Klu Klux Klan Act (Count IV)

Plaintiffs move for summary judgment on the Klu Klux Klan Act claim (Count IV). The Klu Klux Klan Act provides the following:

> (3) Depriving persons of rights or privileges
> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws . . . the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3). Section 1985(3) "constitutionally can and does protect those rights from interference by purely private conspiracies." *United Broth. of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 832-33 (1983)(holding that although a state actor is generally required in order to deny an individual "equal protection" of the laws, Section 1985(3) "does not expressly refer to the Fourteenth Amendment[, and] there is nothing 'inherent' in the language used in § 1985(3) that requires the action working the deprivation to come from the State"). In order to prevail on a "claim for civil conspiracy under § 1985(3), a

9

plaintiff must demonstrate (1) the existence of a conspiracy, (2) a purpose of depriving a person or class of persons of equal protection of the laws, (3) an act in furtherance of a conspiracy, and (4) an injury to person or property or a deprivation of a right or privilege granted to U.S. citizens." *Green v. Benden*, 281 F.3d 661, 665 (7th Cir. 2002); *see also Vakharia v. Swedish Covenant Hosp.*, 190 F.3d 799, 806 (7th Cir. 1999)(stating that "Section 1985 bars conspiracies that interfere with civil rights, on any grounds"). Defendants concede pursuant to Local Rule 56.1 that they conspired on a public street to harass Plaintiffs because of their race. (SF 9-15). Defendants also admit, pursuant to Local Rule 56.1, that they committed acts in an effort to deprive Plaintiffs of their right to walk down a public street unmolested and to reside in the town of their choice. (SF 9-15). Therefore, we grant Plaintiffs' motion for summary judgment on the Klu Klux Klan Act claim (Count IV).

## III. Remaining Claims

Although Plaintiffs moved for summary judgment on Counts II, III, IV, and VII, Plaintiffs have inexplicably failed to seek a motion for summary judgment on Counts I, V, VI, VIII, and IX. The same evidence and facts referred to by Plaintiffs in regard to Counts II, III, IV, and VII would apply to the other claims as well and thus there is no logical reason for Plaintiffs' failure to move for summary judgment on the other claims. None of Defendants have filed any response objecting to any of Plaintiffs' summary judgment arguments or to any of Plaintiffs' facts relating to the

incident in question. Defendants filed summary judgment motions, but did not contest in any way Plaintiffs' version of the events on the night of August 30, 2002. Plaintiffs may desire to go to trial on the remaining claims, but the court will not waste judicial resources on such a trial if there are no disputed factual issues and the claims can be resolved as a matter of law. Every indication by Defendants shows that there are no genuinely disputed facts in this case in regard to any of Plaintiffs' claims. On November 7, 2005, the court provided Defendants with notice that the court was going to determine whether a *sua sponte* entry of summary judgment in favor of Plaintiffs on the remaining claims would be appropriate. We gave Defendants until November 23, 2005, to file a brief regarding the *sua sponte* entry of summary judgment in Plaintiffs' favor on the remaining claims and Defendants did not file any briefs.

A. Fair Housing Act claim (Count I)

Plaintiffs allege in Count I that Defendants violated 42 U.S.C. § 3604 of the FHA, which provides that it is unlawful "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, *or otherwise make unavailable* or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604 (emphasis added). Defendants admit pursuant to Local Rule 56.1 that they told Plaintiffs that Defendants would kill Plaintiffs' family if they did not move out of town because Plaintiffs were African-

American. (SF 11-15). Defendants thus attempted to force Plaintiffs to vacate their dwelling in Fox Lake because of their race. Therefore, we enter summary judgment in favor of Plaintiffs on Count I.

### B. Assault Claims (Count V)

Plaintiffs allege in Count V that Defendants committed an assault upon Deona Williams, Tyrone Williams and Juwon Williams. In order to prevail on a civil assault claim under Illinois law, a plaintiff must establish "an intentional, unlawful offer of corporal injury by force, or force unlawfully directed, under such circumstances as to create a well-founded fear of imminent peril, coupled with the apparent present ability to effectuate the attempt if not prevented." *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994)(quoting *Parrish by Bowker v. Donahue*, 443 N.E.2d 786, 788 (Ill. App. Ct. 1982)). In the instant action, Defendants admit pursuant to Local Rule 56.1 that Hermes intentionally rode his bicycle at Tywon Williams and swerved to miss Tywon at the last moment. (SF 9). Defendants also admit that they possessed knives and repeatedly threatened Plaintiffs with imminent bodily harm while in proximity with Plaintiffs. (SF 9-15). Defendants also admit that they trapped Deona Williams against a car. (SF 14). Based upon the facts admitted by Defendants, Defendants clearly expressed their intent to harm Plaintiffs with physical violence. Plaintiffs undeniably had a reasonable apprehension that they would suffer imminent bodily harm and Defendants had the apparent ability to inflict such harm. Therefore, we enter summary judgment in favor of Plaintiffs on the assault claims

12

(Count V).

### C. Battery Claim (Count VI)

Plaintiffs allege in Count VI that Derifield committed a battery against Deona Williams. In order to state a cause of action for intentional battery, a plaintiff must allege "a willful touching of another person without the consent of the person who is touched," *Kling v. Landry*, 686 N.E.2d 33, 41 (Ill. App. Ct. 1997), and that the "defendant intended to cause a harmful or offensive contact and that a harmful or offensive contact resulted." *Happel v. Wal-Mart Stores, Inc.*, 737 N.E.2d 650, 657-58 (Ill. App. Ct. 2000). Defendants admit pursuant to Local Rule 56.1 that while all Defendants trapped Deona Williams against a parked car, Derifield held a knife to her throat and told her that they were going to kill her whole family if the Williams family did not leave town. (SF 15). The physical contact involved in trapping Deona Williams and putting the knife to her throat would unquestionably constitute intentional offensive touching and there is no evidence that would indicate that Deona Williams consented to the touching. Therefore, we enter summary judgment in favor of Plaintiffs on Count VI.

### D. False Imprisonment Claim (Count VIII)

Plaintiffs allege in Count VIII that Deona Williams was falsely imprisoned by Defendants. Under Illinois law, in order to prevail on a false imprisonment claim a plaintiff must "establish that his or her personal liberty was unreasonably or

13

unlawfully restrained against his or her will and that the defendant caused or procured the restraint and actually or legally intended the restraint." *Russell v. Kinney Contractors, Inc.*, 795 N.E.2d 340,347 (Ill. App. Ct. 2003). Defendants admit pursuant to Local Rule 56.1 that while all Defendants trapped Deona Williams against a parked car, Derifield held a knife to Deona Williams throat and told her that they were going to kill her whole family if the Williams family did not leave town. (SF 15). Defendants thus admit to intentionally compelling Deona Williams to remain in a place where she unquestionably did not wish to remain. Defendants also did not have any legal justification for exercising such physical restraint upon Deona Williams. Therefore, we enter summary judgment in favor of Plaintiffs on the false imprisonment claim (Count VIII).

### E. Intentional Infliction of Emotional Distress Claim (Count IX)

Plaintiffs allege in Count IX that Defendants intentionally inflicted severe emotional distress upon Plaintiffs. In order to prevail on an IIED claim under Illinois law, a plaintiff must establish that: "(1) the defendant's conduct was extreme and outrageous; (2) the defendant either intended that his conduct should inflict severe emotional distress, or knew that there was a high probability that his conduct would cause severe emotional distress; (3) the defendant's conduct in fact caused severe emotional distress." *Dunn v. City of Elgin, Illinois*, 347 F.3d 641, 651 (7th Cir. 2003)(applying Illinois law). Outrageous conduct is described as conduct "so extreme as to go beyond all possible bounds of decency and be regarded as intolerable in a civilized community." *Id.*

14

In the instant action, Defendants admit that they approached Plaintiffs while carrying knives, intentionally threatened Plaintiffs with physical harm, and trapped Deona Williams against a car with a knife to her throat. It is clear that Defendants' conduct is beyond all possible bounds of decency. In addition, no reasonable trier of fact could find other than that Defendants' conduct was intentional, and that Defendants knew that there was a high probability that their actions would cause severe emotional distress to Plaintiffs. Defendants also admit that Deona Williams was trapped against a car with a knife to her throat and admit that the other Plaintiffs fled in terror when Defendants accosted them. Thus, no reasonable trier of fact could find other than that Plaintiffs in fact suffered severe emotional distress. It is clear that, based upon Defendants' own admissions, the main goal of Defendants' plan to accost Plaintiffs was to cause Plaintiffs severe emotional distress. Therefore, we enter summary judgment in favor of Plaintiffs on the IIED claim (Count IX).

## CONCLUSION

Based on the foregoing analysis, we deny Defendants Hermes' and Derifield's motions for summary judgment. We also grant Plaintiffs' motion for summary judgment in its entirety and *sua sponte* enter summary judgment in favor of Plaintiffs on the remaining claims.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: December 13, 2005