IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

PHYLLIS WILLIAMS, et al., )
)
        Plaintiffs, )
)
   v. )   No. 04 C 5633
)
SHAUN DERIFIELD, et al., )
)
        Defendants. )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the parties' motions in limine. For the reasons stated below, we grant in part and deny in part the motions in limine.

I. Plaintiffs' Motions in Limine

Plaintiffs request that the court deem all facts admitted by Defendants as undisputed pursuant to Local Rule 56.1 during the briefing of Plaintiffs' motion for summary judgment to be admitted as undisputed at trial as well. However, Local Rule 56.1 is intended to assist the court in ruling on motions for summary judgment by presenting the facts in an organized fashion and facilitating the court's inquiry regarding whether there are genuinely disputed facts. The rule is not intended to be used as an admission to facts at trial. Therefore, we deny Plaintiffs' motion to have

the facts admitted as undisputed by Defendants pursuant to Local Rule 56.1 deemed admitted at trial. *See Koch-Weser v. Board of Educ. of Riverside Brookfield High School Dist. 208*, 2002 WL 31133143, at *8 (N.D. Ill. 2002)(refusing a request to read a statement of material facts at trial as undisputed facts). Plaintiffs also move for leave to have Diana M. Lin ("Lin") appear as additional counsel. We grant the motion for leave to have Lin file an appearance.

II. Hermes' Motions in Limine

Defendant Harley Hermes ("Hermes") has also filed motions in limine. Hermes moves to bar witnesses that were not properly disclosed during discovery. Plaintiffs do not object to the motion and we grant the motion.

Hermes moves to bar any expert testimony. Plaintiffs do not object to the motion and we grant the motion.

Hermes moves to bar Plaintiffs from questioning potential jurors during the voir dire phase of the trial as to specific monetary damages. We note that the court will question the jurors during the voir dire process. However, to the extent that the court considers the input of the parties, we agree that such questioning would be improper. In addition, Plaintiffs do not object to the motion. Therefore, the motion is granted.

Hermes moves to bar Plaintiffs from commenting in the presence of the jury on the fact that Hermes did not call a witness who was equally available to Plaintiffs. Plaintiffs do not object to the motion and the motion is granted.

Hermes requests that all non-party witnesses be barred from the courtroom until they testify. Plaintiffs do not object to the motion and the motion is granted.

Hermes requests that Plaintiffs be barred from presenting evidence of future damages. Plaintiffs do not object to the motion and the motion is granted.

Hermes moves to bar any evidence regarding Plaintiffs' future lost income. Plaintiffs do not object to the motion and the motion is granted.

Hermes moves to bar any evidence regarding medical costs, hospital bills, physician bills or other medical expenses incurred by Plaintiffs. Plaintiffs do not object to the motion and the motion is granted.

Hermes moves to bar any evidence of his character for the purpose of proving his conduct at the time in question. Plaintiffs do not object to the motion and the motion is granted.

Hermes moves to bar any evidence of Plaintiffs' loss of a normal life. Plaintiffs do not object to the motion and the motion is granted.

Hermes moves to bar any evidence about a pecuniary loss that was not produced during discovery pursuant to Federal Rule of Civil Procedure 26(a)(1). Plaintiffs indicate that they do not intend to introduce such evidence. (P. Ans. 2). Therefore, we grant the motion.

Hermes moves to bar any evidence of Plaintiffs' poverty, arguing that Plaintiffs' financial condition is irrelevant. Plaintiffs have not provided any reason why such evidence would be relevant and, therefore, we grant the motion.

Hermes moves to bar any evidence of his affiliation with members of a white

supremacist gang in Lake County, Illinois. Although Hermes' gang membership was evidence that may have been relevant during the liability stage of these proceedings, such membership has little bearing at the damages stage. For the purposes of the upcoming trial on the issue of damages, we conclude that the prejudicial effect of the evidence of Hermes' gang affiliation would outweigh any probative value in the case. Therefore, we grant Hermes' motion to bar evidence of his gang affiliation.

Hermes moves to bar the introduction of the mug shots of him taken when he was arrested. Plaintiffs contend that the mug shots show his appearance and thus are relevant to damages because they depict what Plaintiffs saw during the incident in question. We disagree. The mug shot would be overly prejudicial to Hermes. Plaintiffs claim that they will present the picture in a way that does not reveal that it was taken by law enforcement. However, if the jury is presented with such a photo and told that this is a picture of Hermes taken after the incident, in the absence of another logical explanation for the photo, the jury will likely conclude that it was taken by law enforcement. Plaintiffs may attempt to present details of Hermes' appearance during the incident through testimony and Hermes will be physically present in the courtroom at trial. Thus, there is no probative value in the admission of the mug shots. Therefore, we grant Hermes' motion to bar the admission of the mug shots.

Hermes moves to bar the introduction of any evidence regarding his racial tattoos. Plaintiffs argue that the tattoos "are probative of the racially motivated conspiracy with his co-defendants and show the egregious and oppressive nature of

his attack on Plaintiffs." (P Ans. 6). While such tattoos might have been relevant at the liability stages of these proceedings, they are not relevant at the damages stages. The tattoos are not evidence of damage caused to Plaintiffs by Hermes. Plaintiffs assert that Defendant Derifield ("Derifield") admitted to removing his shirt to display his tattoos "in order to intimidate African Americans he encountered in Fox Lake." (P Ans. 5). However, whatever Derifield did to other African Americans in Fox Lake is not relevant to this action, which is based upon one specific isolated incident involving the Plaintiffs. Plaintiffs also argue that their "fear resulted, in part from viewing racial tattoos during the attack." (P. Ans. 5). However, Plaintiffs do not argue that Hermes showed Plaintiffs any of his tattoos during the incident. In Plaintiffs' own statement of material facts that was filed with their motion for summary judgment, Plaintiffs assert that only Derifield was not wearing a shirt and that his tattoos were visible. (SF 15). There was no contention by Plaintiffs that they saw any of Hermes' tattoos and thus his tattoos could not have caused any emotional distress to Plaintiffs. Therefore, we grant Hermes' motion to bar evidence of his tattoos.

## CONCLUSION

Based on the foregoing analysis, we deny Plaintiffs' motion to have the facts admitted by Defendants pursuant to Local Rule 56.1 deemed admitted at trial. We grant Plaintiffs' motion for leave to file an appearance for additional counsel. We also grant all of Hermes' motions in limine.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 25, 2006